FILED
WILLIAMSPORT
NOV 16 2026
PER NR
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:26-CR-00262 |
| v. | : | (CAMONI, M.J.) |
| AGOSTINO ABBATIELLO | : | (Filed Under Seal) |
| Defendant | : | |

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRETRIAL DETENTION

COMES NOW, the United States of America, by and through Brian D. Miller, United States Attorney for the Middle District of Pennsylvania, Assistant United States Attorney Geoffrey W. MacArthur and Special Assistant United States Attorney Megan McGoron, who submit this memorandum of law in support of its request for Pretrial Detention and in support thereof aver:

On November 12, 2026, a federal grand jury sitting in the Middle District of Pennsylvania, returned an indictment charging Agostino Abbatiello ("Defendant"), with Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846, and six counts of Distribution of a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The indictment alleges that Defendant is responsible for distributing in excess of 5 kilograms of cocaine. The offense carries a mandatory minimum sentence of ten years in prison and a maximum sentence of life in prison. Defendant is scheduled to appear on November 18, 2026, for his Initial Appearance and Arraignment. The Government submits this Memorandum of Law in support of its request for pre-trial detention.

## Presumption

At the outset, the indictment charges the defendant with a serious drug trafficking offense. Abbatiello's charges presently carry a mandatory minimum sentence of ten years in prison and a maximum of life in prison. Accordingly, under the Bail Reform Act, 18 U.S.C. § 3142, a presumption arises that no condition or combination of conditions will assure his appearance as required or the safety of any person or the community if the defendant was released pending trial. This legal presumption that Defendant should be detained pending trial is subject to rebuttal by Defendant.

## Background of Case

Abbatiello is charged with serious drug trafficking crimes including the possession and distribution of over five thousand grams of cocaine at Penn State University. The alleged criminal conduct in this case involves a drug trafficking organization comprised of several individuals that was distributing large amounts of cocaine in Centre County, Pennsylvania. Abbatiello was the local source for the organization and the largest dealer of cocaine at the university.

The factors this Court must consider in determining whether to release Defendant from detention pending trial are set forth in 18 U.S.C. Section 3142(g). The Government respectfully submits that those factors support the presumption that this defendant should be detained pending trial.

1. The nature and circumstances of the offense, including whether the offense is a crime of violence, involves a controlled substance, or involves a firearm.

Abbatiello is charged with serious drug trafficking offenses, involving the distribution of addictive and dangerous controlled substances. The seriousness of Defendant's offense is indicated by the potential penalty carried by the offense. The charge carries a mandatory

minimum penalty of 10 years in prison, up to a maximum penalty of life in prison. By any objective measure, Defendant stands charged with a serious offense. The circumstances of the offense involve the distribution of over 5 kilos of cocaine, which trigger the mandatory minimum sentence of 10 years. The Defendant is also alleged to be one of the largest distributors of cocaine at Penn State University during the timeframe of January 2023 through December 2024. The Defendant was the source and the leader of the drug trafficking organization, of which thirteen other individuals are charged in state court for their respective roles. The first factor the Court must consider, the nature and circumstances of the offense, therefore weighs heavily in favor of detaining Defendant.

2. The weight of the evidence.

The weight of the evidence is strong in this case. Investigators utilized cooperating witnesses, controlled drug purchases, search warrants, and interviews to dismantle this drug trafficking organization and since the time of the indictment, investigators have continued to conduct investigation into this conspiracy. The evidence continues to grow stronger. This factor, too, supports the continued detention of Defendant.

3. The history and characteristics of the defendant.

This factor includes Defendant's family ties, employment, length of residence in the community, community ties, past conduct, history of drug use, criminal history, record concerning court appearances, and whether at the time of the current offense, the defendant was on probation or release pending trial for another offense.

The Government is not aware of the Defendant's family ties or history of employment. It appears that Defendant has no criminal history, a neutral factor given the nature of the allegations that he was distributing cocaine for several years undetected. The Defendant is also believed to reside in the State of New York, but lived for a brief time in Florida prior to his arrest on state charges.

The Government is aware through witness testimony that the Abbatiello has a significant history with drug use. The Defendant was using cocaine while he attended Penn State University from 2020-2024. Abbatiello was sourcing his cocaine initially from Philadelphia, and later on in New York. While Abbatiello was a significant dealer of cocaine, he was also a frequent user.

Despite becoming aware that law enforcement was actively investigating his drug organization, Abbatiello continued to use and distribute cocaine, demonstrating a blatant disregard for the law and consequences of his behavior. His continued involvement reflects not only his commitment to furthering his drug trafficking operation but also a complete indifference to the substantial risks his conduct posed to the safety and well-being of the community.

Further, it is clear based upon the nature of the allegations in this indictment, that Abbatiello traveled unfettered between New York and Pennsylvania moving kilos of cocaine. Facing such a large potential penalty, Defendant should also be considered a flight risk should he be released.

Accordingly, the history and characteristics of Defendant also weigh in favor of detention.

4. The nature and seriousness of the danger to any person or the community.

As this Court is aware, there is a statutory ***presumption*** that one who engages in the business of selling controlled substances presents a danger to the community. *See* 18 U.S.C. § 3142(e). In *United States v.*

*Strong*, 775 F.2d 504 (3d Cir. 1985), the Third Circuit noted that the fact that the person engages in drug trafficking in and of itself evidences a danger to the community. In noting that Title 18 U.S.C. §3142(e) contains an explicit equation of drug offenses to danger of the safety of the community for purposes of detention pending trial, the Third Circuit stated:

> The legislative history fully supports the conclusion that Congress intended to equate drug trafficking with danger to the community. The principal source of legislative history, Senate Report No. 98-225, states:
>
> > The [Judiciary] Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence. This principle was recently endorsed in United States v. Provenzano and Andretta, [605 F.2d 85 (3d Cir. 1979)] in which it was held that the concept of "danger" as used in current 18 U.S.C. §3148 extended to nonphysical harms such as corrupting a union. The Committee also emphasized that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."

*United States v. Strong*, 775 F.2d at 507, *citing* S.Rep. No. 225, 98th Cong. 2d Sess. 12-13, *reprinted in* 1984 U.S. Code Cong. & Ad. News 3182, 3195-96 (emphasis added and footnotes omitted). As the Committee explained:

> . . . It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism.

Id. at 20, 1984 U.S. Code Cong. & Ad. News at 3203.

Here, it is clear that the alleged criminal conduct in this conspiracy spanned years. Abbatiello engaged in drug trafficking behavior with an addictive controlled substance and profited handsomely from it. He faces a severe sentence for his participation in the present drug trafficking offenses, and as someone who has not previously served prison time, poses an even great risk of flight. As such, if released on bail he would present a danger to any other person or the community. This final factor, too, weighs in favor of detaining Defendant.

5. Conditions of Release Proposed by the Defendant.

While the Government is not currently aware of what conditions of release will be proposed by Defendant (and would ask to reserve this argument until the detention hearing itself) the Government would note that due to the ease with which Defendant has moved massive amounts of controlled substance from New York to Pennsylvania, undetected, for years, releasing him back to that community is a simple return to the status quo and would be woefully ineffective to ensure the safety of the community, and his appearance at court proceedings.

Based on all of the above, the Government respectfully submits that Defendant's detention pending trial is warranted.

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

s/ Megan A. McGoron
MEGAN A. MCGORON
Special Assistant United States Attorney

s/Geoffrey W. MacArthur
GEOFFREY W. MacARTHUR
Assistant United States Attorney
United States Attorney's Office
240 West Third Street, Suite 316

Williamsport, PA 17701
Email: Geoffrey.macarthur@usdoj.gov

Date: November 16, 2026

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:26-CR-00262 |
| | : | |
| v. | : | (CAMONI, M.J.) |
| | : | |
| AGOSTINO ABBATIELLO | : | (Filed Under Seal) |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on November 16, 2026 he served a copy of the attached:

GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRETRIAL RELEASE

by e-mail to:

Philip Masorti, Esquire

s/Geoffrey W. MacArthur
GEOFFREY W. MacARTHUR