IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : No. 4:26-CR-262 |
| AGOSTINO ABBATIELLO, | : |
| | : (Magistrate Judge Camoni) |
| Defendant. | : (Chief Judge Brann) |

**BRIEF IN OPPOSITION TO GOVERNMENT'S**
**MOTION FOR PRE-TRIAL DETENTION**

Defendant Agostino Abbatiello, by and through his undersigned counsel, hereby submits this opposition brief to the Government's motion for pre-trial detention.

**PRELIMINARY STATEMENT**

"In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987). One read of the Government's opposition brief seemingly invites the Court to abdicate that crucial principle.

This Court does not have to guess whether Mr. Abbatiello will appear and obey the law while on release. He has already demonstrated it. The federal indictment rests on alleged powder cocaine sales from 2023 and 2024, the same course of conduct that a Pennsylvania investigating grand jury began probing in early 2025 and that the Commonwealth of Pennsylvania charged in

August 2026.[1] When his lawyer advised Mr. Abbatiello of the state charges, he quit his job in Florida and immediately arranged a self-surrender in Pennsylvania. He sat in jail for several weeks because, inconceivably, bail was initially denied in its entirety,[2] later set high, eventually posted, and he has been in the community living with his parents in Long Island, New York, ever since.[3]

Nothing about Mr. Abbatiello changed in November 2026. The only change was the caption on the charges. Mr. Abbatiello's months of compliance on the same alleged conduct, along with his self-surrender, family residence and the Pre-trial Services recommendation, easily satisfies his low burden in support of release. The Government must prove by clear and convincing evidence that no conditions can reasonably assure community safety, and by a preponderance of the evidence that no conditions can reasonably assure his appearance. On this record, it can prove neither. Release on certain conditions should be granted.

[1] This current federal prosecution was adopted entirely from the state charges.

[2] Absent specific limited circumstances, the Pennsylvania Constitution guarantees the right to bail. See Pa. Const. Art. I., § 14.

[3] Bail was posted on September 22, 2026.

## ARGUMENT

## I.

## THE REBUTTABLE PRESUMPTION OF DETENTION SHIFTS ONLY A LIGHT BURDEN OF PRODUCTION AND THE GOVERNMENT MAINTAINS THE BURDEN OF PERSUASION THROUGHOUT THE PROCEEDINGS

At the outset, in its papers, the Government's portrayal of the rebuttable presumption as some kind of insurmountable barrier is egregiously false. The law is clear: very little is required for a defendant to rebut the presumption of detention. See United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986) (court recognizing principle "that the presumption only shifts to the defendant the burden of producing evidence of lack of dangerousness and the burden of persuasion ultimately rests upon the United States."); see also United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) ("In a presumption case such as this, a defendant bears a limited burden of production - not a burden of persuasion - to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a flight risk."). In fact, a defendant "must produce *some credible evidence* forming a basis for his [or her] contention that he [or she] will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986) (emphasis added). District courts in this circuit

describe that burden as "relatively light" and "easy to meet." United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

Once a defendant meets this burden, the Government must prove dangerousness by clear and convincing evidence and risk of flight by a preponderance of the evidence. See 18 U.S.C. § 3142(f); United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986). Detention is permitted only when the Government proves "an identified and articulable threat to an individual or the community." Salerno, 481 U.S. at 751.

The court must consider the § 3142(g) factors: the nature and circumstances of the offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of any danger posed by release. As shown below, Mr. Abbatiello should be released on certain conditions.

## II.

## MR. ABBATIELLO HAS ALREADY REBUTTED THE PRESUMPTION

In the Third Circuit, the dangerousness question under the drug presumption is narrow. It asks only whether the defendant is likely to commit one of the designated drug offenses "if released." Perry, 788 F.2d at 111. It requires a court to "explore[] not the external world of past events but the inner territory of the detainee's intentions . . . [and] involves a prediction of the detainee's likely future behavior." Id. at 114. The court acknowledged that such standard is "a far more

speculative and difficult undertaking than the reconstruction of past events." Id. Detention under the Bail Reform Act is meant for a "small but identifiable group of particularly dangerous defendants" for whom no stringent conditions will work. United States v. Traitz, 807 F.2d 322, 325 (3d Cir. 1986).

Here, Mr. Abbatiello's two months of release on bail, facing serious drug charges based on these same allegations, without any violation, should satisfy any concern of this Court. See United States v. Cannon, 36 F.4th 496, 498 (3d Cir. 2022) (defendant charged with gun and drug offenses in state court and released on bond, stayed in community until federal prosecutor's indicted him and moved for detention, federal court granted release "because Cannon had thus far complied with the conditions of his state court bond during his release.").[4]

Second, Mr. Abbatiello voluntary self-surrendered once he learned of the indictment.[5] Courts have recognized that "[a] defendant's voluntary surrender undoubtedly is probative of whether he or she presents a flight risk." United States v. Fiandor, 874 F. Supp. 1358, 1361-62 (S.D. Fla. 1995). Unlike the defendant in Fiandor, Mr. Abbatiello does not rely on

[4] Cannon's release was later revoked for violating conditions and affirmed by the Third Circuit. See United States v. Cannon, 36 F.4th 496, 501-02 (3d Cir. 2022).

[5] He also self-surrendered on the state charges.

voluntary surrender alone. Rather, it merely illustrates the continued demonstrated record of compliance.

Third, Pre-trial Services, a neutral arm of this Court, investigated and recommended release on strict conditions. District courts often treat such a release recommendation by Pre-trial Services as rebuttal evidence. See United States v. Caro, No. 05-CR-858, 2005 WL 8160735 at *4 (N.D. Ill. Nov. 2, 2005) (defendant rebutted presumption and released on conditions for distribution of 5 kilos of cocaine in part because of recommendation of pre-trial services officer).

Fourth, Mr. Abbatiello lives with his parents and siblings in Long Island, New York. He will be confined to live with them, a place where he was born and raised. He will continue to have his family support during the duration of this case. See United States v. Giampa, 755 F. Supp. 665, 668-70 (W.D. Pa. 1990) (court reversing detention order for cocaine defendant with lifelong local ties, steady work, and a close family, and ordered him to "live with his parents pending trial.").[6]

---

[6] If need be, Mr. Abbatiello's parents will serve as third-party custodians. See United States v. Kolonis, No. 2:20-CR-146, 2020 WL 5253192, at *4 (W.D. Pa. Sept. 3, 2020) (in sixteen count indictment charging various sex offenses, and where the rebuttable presumption applied, district court rejecting government motion to revoke pre-trial release in part recognizing the defendant presented evidence that his aunt was willing to serve as a third-party custodian).

Finally, Mr. Abbatiello's parents have posted monetary bail in the state case. Pre-trial services is also recommending $50,000 unsecured bond in this case. Money, property or surety pledged by a defendant or his family "is a strong indication that the private sureties are also vouching for defendant's character." See Carbone, 793 F.2d at 561; see also United States v. Cirillo, No. 99-1514, 1999 WL 1456536, at *1 (3d Cir. Jul. 13, 1999) (in drug conspiracy case defendant rebutted presumption of detention based upon family ties, no record, and sureties were enough).

Consequently, this evidence goes well beyond the "some credible evidence" the law requires. Release should be granted.

**III.**

**THE GOVERNMENT CANNOT CARRY ITS BURDEN OF PERSUASION**

The Government spends the lion's share of its brief belaboring the weight of its evidence and nature and seriousness of the offense. The Government places far too much emphasis on the weight of the evidence and in doing so, implies a presumption of guilt, which is strictly forbidden by the Bail Reform Act pursuant to 18 U.S.C. § 3142(j). And, in any event, weight of the evidence is "the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985). Nevertheless, the Government's arguments remain unavailing.

First, the allegations in the indictment are stale. The Government's theory rests entirely on alleged conduct from 2023 and 2024, while Mr. Abbatiello was still a college student at Penn State. Since that time, the Government has not alleged that he has sold drugs, violated any other crimes, or violated any bail condition. See Giampa, 755 F. Supp. 668-70 (finding there is nothing to support a finding of future dangerousness where the record lacked evidence that the defendant would engage in future drug trafficking while on release).

Furthermore, the Government's own timing undercuts any claim of its need to detain. Mr. Abbatiello was summoned before the statewide grand jury in June 2025 and was not charged for more than a year later until August 2026. A defendant whom the government left free for that long, and who has proven his compliance in the meantime, is not the "identified and articulable threat" that Salerno requires. Salerno, 481 U.S. at 751.

Second, while the Government cites to United States v. Strong, 775 F.2d 504 (3d Cir. 1985), which noted that Congress equated drug trafficking as a dangerous activity, the seriousness of the charge or quantity of the drugs itself is not a substitute for proof.[7] To do so, would revise § 3142 to

---

[7] Moreover, Strong is inapposite here. Strong was a post-conviction case in which the defendant was seeking bail post-

preclude all defendants charged with large-quantity distribution schemes from obtaining release. That is not the law. See United States v. Lopez, 827 F. Supp. 1107, 1110 (D. N.J. 1993) (court finding that using drug quantity as measure of detention and the focusing on kilos would rewrite Section 3142). In Giampa, the court rejected applying Congress' generalization about drug traffickers "inflexibly" to every case. Giampa, 755 F. Supp. at 669; see also United States v. Hernandez-Bourdier, No. 16-CR-222, 2017 WL 56033 at *8 (W.D. Pa. Jan. 5, 2017) (where four kilos of heroin were actually seized, the court found that the "sheer amount of drugs" did not meet the clear and convincing standard without evidence of prior trafficking or violence and the court released defendant to home confinement).

Third, the weight of the evidence is relevant only to the extent it bears on the likelihood of flight or danger to the community. See Chagra, 850 F. Supp. At 358-59. Here, the Government offers no seized drugs, no weapons, no violence, and no evidence of recent or ongoing activity. Whatever its purported strength it claims about what allegedly occurred in 2023 and 2024, it says nothing about what Mr. Abbatiello will do in 2026 and 2027.

---

sentencing in which he carried the burden by clear and convincing evidence. Here, as set forth above, before trial, the burden is reversed, and the issue is whether this defendant, under these conditions, is likely to distribute again.

Fourth, to the extent the Government asserts that the ten-year mandatory minimum supports its flight argument, that also is without merit. The Third Circuit has held that "[m]ere opportunity for flight is not sufficient grounds for pretrial detention." Himler, 797 F.2d at 161-62. Moreover, Mr. Abbatiello has never failed to appear. He self-surrendered. He has forfeited his passport and has no significant ties outside the United States. He has lived for months under serious state drug charges, carrying significant exposure, and appeared.

Furthermore, a risk of flight based upon the severity of the charges ignores the obvious: bail is not pretrial punishment and is not to be decided solely on the basis of an accusation of a serious crime. As the Supreme Court has similarly noted regarding high monetary bail, "[t]o infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act." Stack v. Boyle, 342 U.S. 1, 6 (1951).

Finally, the strict conditions proposed by Pre-trial Services will reasonably assure Mr. Abbatiello's appearance and community safety. These include pre-trial supervision, random drug testing, travel restrictions, surrendering passport, unsecured bond, preclusion of firearms or dangerous weapons, and maintaining and/or seeking employment. These conditions are stricter that the state bail conditions.

Moreover, regardless of whether a court finds that the presumption of detention has been rebutted, a court still cannot detain a defendant without a finding by clear and convincing evidence that "no release conditions will reasonably assure the safety of the community." United States v. Dominguez, 783 F.2d 702, 706-07 (7th Cir. 1986). Where conditions can reasonably assure safety, a court is "duty-bound to release the defendant and construct those conditions." United States v. Cannegieter, No. 123-CR-13, 2023 WL 4846787, at *8 (D.V.I. Jul. 28, 2023); United States v. Abdullahu, 488 F. Supp. 2d 433, 437 (D.N.J. 2007) (defendant must be released on the least restrictive condition or combination of conditions that will reasonably assure safety).

Consequently, Mr. Abbatiello, a defendant presumed to be innocent and who has more than adequately satisfied his burden of production, should be released on reasonable conditions.

Dated: November 22, 2026

MIELE & RYMSZA, P.C.

By: s/ Edward J. Rymsza
Edward J. Rymsza, Esq.
Pa. I.D. No. 82911
Attorney for Defendant
125 East Third Street
Williamsport, PA 17701
(570) 322-2113
(570) 322-8813 (fax)
Rymsza@comcast.net

**CERTIFICATE OF SERVICE**

I, Edward J. Rymsza, Esq., hereby certify that on this 22d day of November 2026, I served the foregoing opposition brief upon Geoff MacArthur, Esq. by electronic mail.

Dated: November 22, 2026

MIELE & RYMSZA, P.C.

By: s/ Edward J. Rymsza
Edward J. Rymsza, Esq.
Pa. I.D. No. 82911
Attorney for Defendant
125 East Third Street
Williamsport, PA 17701
(570) 322-2113
(570) 322-8813 (fax)
Rymsza@comcast.net